**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **WILLIE JEROME PARKS,** | : | **MOTION TO VACATE** |
| **Movant,** | : | **28 U.S.C. § 2255** |
| | : | |
| **v.** | : | **CRIMINAL INDICTMENT NO.** |
| | : | **1:06-CR-0076-RWS-AJB** |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent.** | : | **CIVIL FILE NO.** |
| | : | **1:11-CV-3841-RWS-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

Movant, *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or

correct his federal sentence entered under the above criminal docket number. The

matter is before the Court on the § 2255 motion, [Doc. 174], Respondent's response,

[Doc. 177], Movant's motion to amend and proposed amendment, [Doc. 181],

Respondent's response to the motion to amend, [Doc. 185], and Movant's motion for

summary judgment, [Doc. 186]. Movant's motion to amend shall be granted, and for

the following reasons, it is **RECOMMENDED** that his motion to vacate and motion

for summary judgment be denied.

I.    **Background**

On January 9, 2004, law enforcement officers executed a search
warrant on a residence at 878 Rock Street, Atlanta, Georgia. The building
was composed of separate apartments, and the officers searched

Apartment B. . . . Officers entered Apartment B, found a group of individuals in the living room, and observed drugs and drug paraphernalia, primarily marijuana. [Movant] was in the kitchen and was arrested. . . .

Law enforcement officers searched [Movant] and found: (1) $3,900 in cash; (2) a small pill bottle containing 36-39 small, yellow, plastic zip-lock bags containing a white powder believed to be cocaine; (3) a set of keys; and (4) additional small zip-lock bags. . . . Subsequent laboratory tests revealed the bags in the [Movant's] pill bottle contained 2.8 grams of cocaine.

Law enforcement officers continued searching Apartment B. In the living room, they found a plastic bag containing what laboratory tests later revealed to be 137.4 grams of marijuana. The officers also found a small gram scale. Officers saw a small "trail" from the bedroom to the bathroom of what looked like small pieces of crack cocaine, later determined to be 0.78 grams of crack. In the sink in the bathroom, officers found single-edged razor blades and additional pieces of suspected crack cocaine.

Atlanta Police Department ("APD") Investigator William Gilmore searched the apartment's bedroom and found a locked safe under the bed or near the back part of the bedroom. The keys found on [Movant] did not include a key to the safe. Investigator Gilmore forced the safe open. In the safe were a wallet, a plastic bag containing what appeared to be a brick of powdered cocaine, and 43 rounds of ammunition for .357 and .38 caliber handguns. The wallet contained a driver's license card issued to [Movant], a health system identification card issued to [Movant], some shopping advantage cards issued to [Movant], an expired temporary driver's license issued to [Movant], a money order bearing the address of 878 Rock Street, and a personal note addressed to "Willie." [Movant] was taken into custody on the same day as the search of 878 Rock Street.

. . . .

2

Four days after the search of Apartment B, Gilmore and other law enforcement officers executed another search warrant on a U-Haul storage unit, numbered 4905 and located at 300 Peter Street in Atlanta, Georgia. The trial evidence showed that [Movant] entered into a rental contract for this storage unit on August 29, 2002 and continued to rent the unit up to and through the date of the search on January 13, 2004. The only other person on the rental agreement was Mary Parks, [Movant's] mother. In the storage unit, law enforcement officers found two .38 caliber revolvers, a .357 revolver, and a .25 caliber semiautomatic pistol.

*United States v. Parks*, 399 Fed. Appx. 446, 448-49 (11th Cir. Sept. 24, 2010).

The United States Grand Jury for the Northern District of Georgia indicted Movant on five counts, only two of which are relevant here: Count Three, attempting to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and Count Five, possessing firearms and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). [Doc. 77.] Represented by Regina Stephenson, Movant pleaded not guilty. [Doc. 81.] Movant filed a motion to suppress evidence, which the Court denied. [*See* Docs. 13, 15-17, 30, 37-40, 42-44, 50, 69.] Movant filed a motion to dismiss the indictment based on speedy trial violations, which the Court denied. [*See* Docs. 83, 88, 89, 90, 100, 108.]

Movant proceeded to trial represented by newly appointed counsel, R. Gary Spencer and Esther Panitch. [Docs. 114, 138.] The jury found Movant guilty on counts three (attempting to distribute cocaine hydrochloride) and five (possession of firearms

3

and ammunition as a convicted felon). [Doc. 140.] The Court sentenced Movant to a 240-month term of imprisonment on count three and a 293-month term of imprisonment on count five, to be served concurrently. [Doc. 147.] Again represented by Mr. Spencer, Movant appealed and argued (1) that there was insufficient evidence to support his count three and count five convictions, (2) that the trial evidence materially varied from the charge in the indictment on count three, (3) that the government violated discovery rules; and (4) that his sentence was unreasonable. *Parks*, 399 Fed. Appx. at 452, 454. The Eleventh Circuit Court of Appeals found no error and affirmed. *Id*. at 460. The United States Supreme Court denied *certiorari* on March 21, 2011. *Parks v. United States*, _ U.S. _, 131 S. Ct. 1713 (2011).

## II. <u>Movant's Motions to Vacate, to Amend, and for Summary Judgment</u>

In November 2011, Movant timely filed his § 2255 motion in which he raises four grounds for relief: (1) Investigator Gilmore and Sergeant Wilbert Stallings illegally searched his residence at 878 Rock Street, Atlanta, Georgia, and planted the evidence, in violation of Movant's Fourth Amendment rights; (2) there was insufficient evidence to show that he ever possessed the firearms, as alleged in count five, and he is actually innocent of count five; (3) his speedy trial rights were violated; and (4) he received ineffective assistance of counsel. [Doc. 174, Mem. at 30-61.] The

4

government responds that Grounds One and Three are procedurally defaulted and that Movant fails to overcome his default, that Ground Two was settled by the Eleventh Circuit Court of Appeals, and that Movant fails to show that counsel provided ineffective assistance. [Doc. 177 at 9-17.]

Movant also seeks to amend.[1] [Doc. 181.] In his proposed amendment, deemed filed on March 13, 2012, Movant seeks to add three grounds for relief: (1) the court lacked jurisdiction under 18 U.S.C. § 3231 over his criminal action, (2) congress was without authority to grant the court judicial power over criminal cases, and (3) the government failed to establish its prosecutorial authority over his criminal action. [*Id.*, Amendment at 2, 11, 15.] The government responds that Movant's motion to amend should be denied because his new grounds are untimely from January 24, 2012 (the date when Movant's time to seek *certiorari* expired) and do not relate back to his original grounds. [Doc. 185 at 2-6.] Movant also has filed a motion for summary judgment in which he asks the Court to disregard the government's response to his motion to amend and grant relief based on his amended grounds. [Doc. 186.]

_____

[1]    Movant filed a motion in which he asked that his motion to amend be deemed filed on March 13, 2012, because his initial motion to amend (submitted on March 13) was lost in transit. [*See* Doc. 182.] The government did not oppose that motion, and the Court granted it. [*Id.*]

Movant's motion to amend shall be granted. Movant was required to filed his § 2255 motion within one year of March 21, 2011, the date that his conviction became final when the United States Supreme Court denied *certiorari*. Movant filed his amended grounds on March 13, 2012, and they are timely. *See* 28 U.S.C. 2255(f)(1). Thus, this action is before the Court on Movant's four original and three amended grounds for relief. As a result, the undersigned **RECOMMENDS** that Movant's motion for summary judgment be denied as moot.

## III.    28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. However, "[o]nce [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). Thus, § 2255 relief is reserved for claims that allege "a lack of jurisdiction or constitutional error" or allege other "error of law" that constitutes " 'a fundamental defect which inherently results in a complete miscarriage of justice.' " *United States v. Addonizio*, 442 U.S. 178, 185 (1979)

AO 72A
(Rev.8/8
2)

(quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *accord Ayuso v. United States*, 361 Fed. Appx. 988, 991 (11th Cir. Jan. 22, 2010). On collateral review, the presumptions and the burdens change – the defendant is no longer presumed innocent, the conviction is presumed valid, and it is the petitioner's burden to establish his right to relief. *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68-69 (2009) (citing *Herrera v. Collins*, 506 U.S. 390, 399 (1993)); *Mackey v. United States*, 221 Fed. Appx. 907, 910 (11th Cir. Mar. 30, 2007) (stating that § 2255 movants have the "burden of establishing their right to relief from the judgment against them").

Constitutional ineffective assistance of counsel claims, which generally are not sufficiently developed at the time of direct review, are properly raised on collateral review, *Massaro v. United States*, 538 U.S. 500, 505-09 (2003), as are claims of jurisdictional defects, which cannot be waived or defaulted, *McCoy v. United States*, 266 F.3d 1245, 1249 (11th Cir. 2001) (citing *Harris v. United States*, 149 F.3d 1304, 1308-09 (11th Cir. 1998)). Otherwise, a defendant "must assert all available claims on direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *Gilbert v. United States*, 640 F.3d 1293, 1331 (11th Cir. 2011) (quoting *United States v. Nyhuis*, 211 F.3d 1340, 1343

AO 72A
(Rev.8/8
2)

(11th Cir. 2000)) (internal quotation marks omitted).  Further, claims that a § 2255 movant could have asserted on direct appeal, but did not, generally are procedurally barred absent (1) a showing of cause for the default and actual prejudice or (2) a showing of a fundamental miscarriage of justice or actual innocence. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011), *petition for cert. filed*, (Apr. 23, 2012) (No. 11-9985).

"[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal . . . ." or that the matter was not raised because of ineffective assistance of counsel. *Lynn*, 365 F.3d at 1235; *Reece v. United States*, 119 F.3d 1462, 1468 (11th Cir. 1997) (holding that, absent an "objective factor external to the defense" as cause, the movant must show that the default was caused by ineffective assistance of counsel (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986))).  If a petitioner shows cause, he also must show prejudice – that the error complained of "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece*, 119 F.3d at 1467 (emphasis in original) (quoting *Frady*, 456 U.S. at 170) (internal quotation marks omitted).  To make a credible showing of actual innocence, "a movant 'must show that it is more likely than not that no reasonable juror

8

would have found [him] guilty beyond a reasonable doubt' in light of . . . new evidence of innocence." *McKay*, 657 F.3d at 1196 (alteration in original) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

The Court will grant a hearing on a motion to vacate unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255) (internal quotation marks omitted). Because that is the case here, an evidentiary hearing is not warranted.

## IV. Discussion

### A. Grounds One and Three

In Ground One, Movant argues that Gilmore and Stallings violated his Fourth Amendment rights by illegally searching his residence and planting evidence. [Doc. 174, Mem. at 30-40.] In Ground Three, Movant argues that his speedy trial rights were violated. [*Id*. at 48-52.] Movant procedurally defaulted these grounds by failing to raise them on direct appeal, and review is procedurally barred unless Movant overcomes his default, which he fails to do. As discussed below in part IV. C., Movant does not show actual innocence or ineffective assistance of counsel for failing to raise

9

AO 72A
(Rev.8/8
2)

these issues on appeal, and Movant otherwise fails to overcome his procedural default. Grounds One and Three fail.

**B.    Ground Two**

On direct appeal, Movant argued that "the government's trial evidence was insufficient to establish that [he] actually or constructively possessed the firearms or ammunition found in the storage unit." *Parks*, 399 Fed. Appx. at 454. The Eleventh Circuit Court of Appeals found that Movant had "dominion and control over the storage unit" and that the evidence was sufficient for the jury to find that Movant "had constructive possession of the firearms and ammunition found in the unit." *Id*. at 455.

In his § 2255 motion, Movant again argues that there was insufficient evidence – there was no evidence – to establish that he possessed the firearms found in the storage unit. [Doc. 174, Mem. at 41-47.] The Eleventh Circuit Court of Appeals already has determined the evidence was sufficient to support Movant's conviction under count five. The matter is not open for reconsideration on collateral review, and Ground Two fails. *See Gilbert*, 640 F.3d at 1331.

**C.    Ground Four**

In Ground Four, Movant claims actual innocence and ineffective assistance of counsel. [Doc. 174, Mem. at 53-61.] After generally complaining that he did not

10

possess the drugs in his residence or the guns in the storage unit and that his residence was illegally searched, Movant asserts that (1) counsel failed to present evidence of the corrupt police culture in Atlanta (planting evidence and conducting searches without a warrant); (2) counsel failed to show that he did not possess the firearms in the storage unit; (3) counsel failed to show that he was innocent; (4) counsel failed to prove a violation of his speedy trial rights; (5) counsel failed to attack the government's insufficient evidence; (6) counsel failed to provide a constitutional strategy to test the government's evidence; (7) cumulatively, counsel's errors prejudiced him; and (8) counsel's representation violated the adversarial process (such that prejudice could be presumed) when he failed to present Movant with an effective means of challenging the charges against him. [Doc. 174, Mem. at 53-54, 57, 59.]

Movant asserts that he was prejudiced because he is actually innocent – his apartment was searched without presenting him with a warrant, the drugs were planted, there was no evidence that Movant owned the drugs in the apartment, and Movant did not possess the guns in the storage unit. [*Id*. at 53, 60-61.] Otherwise Movant reviews the law on ineffective assistance of counsel and argues in a conclusory manner that counsel was ineffective. [*Id*. at 53-61.]

AO 72A
(Rev.8/8
2)

The Court construes Movant's assertions to present the following claims: counsel provided ineffective assistance (1) on search and suppression issues related to the search of Movant's residence and the seizure of drugs,[2] (2) in showing the insufficiency of the evidence on his count-five firearm conviction,[3] and (3) on his speedy trial rights;

---

[2]     In light of Movant's *pro se* status, the Court has reviewed Movant's arguments in his Ground One in connection with his Ground Four claim on counsel's assistance on search and seizure issues. In Ground Four, after generally complaining that he did not possess the drugs in his residence or the guns in the storage unit and that his residence was illegally searched, Movant presents no clear argument that counsel was ineffective for failing to litigate adequately the search of the storage shed. [Doc. 174, Mem. at 53-61.] Further, in Ground One, Movant concentrates on the allegedly improper search of his residence. Movant's passing statements in Ground One that the "searching of the storage unit[] must also be covered in doubt" and that the officers "participated in [an] illegal search" of the storage unit, are not construed as raising a claim regarding counsel's assistance on the search of the storage shed. [*Id*. at 33, 40.] The Court finds that Movant clearly raises a claim that counsel was ineffective on search and seizure issues regarding drugs and the search of Movant's residence but does not clearly raise a claim that counsel was ineffective on search and seizure issues regarding the count-five firearms or search of the storage shed.

[3]     In light of Movant's *pro se* status, the Court has reviewed Movant's arguments in his Ground Two (Movant's sufficiency of the evidence argument) in connection with his Ground Four claim on counsel's assistance on the sufficiency of the evidence. In Ground Four, after generally complaining that he did not possess the drugs in his residence or the guns in the storage unit and that his residence was illegally searched, Movant presents no clear argument that counsel was ineffective for failing to litigate adequately the sufficiency of the evidence on his drug conviction. [Doc. 174, Mem. at 53-61.] Further, in Ground Two, Movant concentrates on the sufficiency of the evidence on count five and whether the evidence shows that he possessed the guns and ammunition found in the storage shed. [*See id*. at 41-47.] The Court finds that Movant clearly raises a claim that counsel was ineffective on the sufficiency of the

(4) counsel failed to prove his innocence or provide an effective strategy to test the government's evidence and, cumulatively, Movant was prejudiced; and (5) counsel's failure to present him with an effective means of challenging the charges against him violated the adversarial process such that prejudice should be presumed. [*Id*. at 53-61.] Those claims and relevant background facts are presented in greater detail below.

## 1.    <u>Actual Innocence</u>

Whether Movant presents his actual innocence claim as an independent claim or as a means of overcoming his procedural defaults (discussed earlier), his claim fails. The actual innocence standard is a difficult standard to meet – to make a credible showing of actual innocence, "a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of . . . new evidence of innocence." *McKay*, 657 F.3d at 1196 (alteration in original) (quoting *Schlup*, 513 U.S. at 327). Movant fails to come forward with any new evidence of actual innocence and, thus, does not meet the standard.

_____

evidence to support his count-five firearm conviction but does not clearly raise a claim that counsel was ineffective on the sufficiency of the evidence to support his count-three drug conviction.

13

## 2.    Ineffective Assistance of Counsel

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish (1) that counsel's representation was deficient and (2) that counsel's deficient representation prejudiced him. *Id.* at 690-92. The Court may resolve an ineffective assistance claim based on either of the above prongs. *Bottoson v. Moore*, 234 F.3d 526, 532 (11th Cir. 2000). Under the first prong, a petitioner must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Under the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The habeas petitioner has the burden of affirmatively proving prejudice, and a "conceivable effect" on the proceedings does not show prejudice. *Wood v. Allen*, 542 F.3d 1281, 1309 (11th Cir. 2008) (quoting *Strickland*, 466 U.S. at 693) (internal quotation marks omitted). Further, the petitioner has the burden of establishing his claim by a preponderance of competent evidence. *Chandler v. United*

14

*States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc); *Oliver v. Wainwright*,

795 F.2d 1524, 1531 (11th Cir. 1986) (explaining that general assertions, without

"specific reference to any deficiency in [the movant's] defense," fail to state a

constitutional claim of ineffective assistance of counsel).

"The standards applicable to [a movant's] claims of ineffectiveness against trial

counsel apply equally to the charges leveled against his appellate lawyer. . . . To

prevail, [a movant] must demonstrate both that his appellate counsel's performance fell

below reasonable professional standards and that he was prejudiced by his attorney's

substandard performance." *Johnson v. Alabama*, 256 F.3d 1156, 1187 (11th Cir. 2001)

(citations omitted). Absent a showing "regarding the effect, if any, that a different

[appellate] brief would have had on the outcome of proceedings," under *Strickland*,

there is no ineffective assistance of appellate counsel. *Id*. at 1188.

In cases where "counsel is charged with multiple errors . . . prejudice may result

from the cumulative impact of multiple deficiencies." *Cooper v. Fitzharris*,

586 F.2d 1325, 1333 (9th Cir. 1978) (en banc). To succeed on a claim of cumulative

error by counsel, Movant must demonstrate that "there is a reasonable probability that,

but for counsel's unprofessional *errors*, the result of the proceeding would have been

different." *Strickland*, 466 U.S. at 694 (emphasis added). Thus, Movant must

15

demonstrate, for the individual claims, that counsel's performance was professionally unreasonable and that, together, those errors prejudiced him.

### a. Counsel's Assistance on Search and Suppression Issues

On January 9, 2004, City of Atlanta police officers, including Gilmore, searched Movant's residence. [*See* Doc. 15 at 1, 6.] Sergeant Stallings was present during the search. [Doc. 37 at 3-4 and Attach.] Records show that the search warrant for Movant's residence was executed and left on the bed in the main bedroom. [*Id.*, Attach.; Doc. 30 at 165-66.]

Counsel moved that the evidence obtained from that search be suppressed. [Doc. 15.] During the suppression hearing, when Gilmore testified, counsel attempted to impeach his credibility based on Gilmore's use of his office to obtain tickets to a sporting event at a greatly reduced price. [Doc. 30 at 129-42.] After the suppression hearing, counsel moved that the briefing be stayed and that the Court require the government to disclose potentially exculpatory evidence related to the misconduct of the Atlanta Police Department, including the alleged practice of conducting warrantless residence searches and planting evidence.[4] [Doc. 37 at 2-6.] In Movant's post-hearing

---

[4] In support, counsel submitted a copy of a news report on misconduct by City of Atlanta police officers, which report stated that more than two dozen complaints had been filed against Stallings for "alleged maltreatment, unnecessary force and

16

brief, counsel argued, among other things, that the officers searched Movant's home before receiving a search warrant and that the fruits of the search should be suppressed. [Doc. 39 at 7, 9-10.] The undersigned denied the motion to stay, determined that the police held a warrant before they searched Movant's residence, and recommended that the Court deny the motion to suppress. [Doc. 44 at 21, 49.] Counsel objected to the recommendation on the motion to suppress and to the denial of the motion to stay and, in a footnote, sought to renew his motion to stay for further inquiry into "[t]he internal policies of the Atlanta Police Department regarding the execution of search warrants . . . and the credibility of the government's witnesses."[5] [Doc. 50 at 1 n.1.] The District Court overruled Movant's objections and adopted the undersigned's Report and Recommendation. [Doc 69.]

In his § 2255 motion, Movant asserts that counsel provided ineffective assistance on search and suppression issues related to the search of his residence: counsel (1) failed to present evidence of the corrupt culture (performing illegal searches and planting evidence) of the Atlanta Police Department and attack the credibility of

_____

entering a home without a warrant." [Doc. 37, Attach.]

[5]      The record does not indicate that counsel pursued the renewed motion.

17

Gilmore and Stallings,[6] who were involved in the search of Movant's residence, (2) failed to show the misconduct of the police in his case – the officers illegally searching Movant's residence without serving the warrant on Movant before the search and by planting the drugs found inside Movant's residence, and (3) failed to seek the exclusion of the unlawfully obtained evidence. [Doc. 174, Mem. at 30-31, 34-35, 53-54, 60-61.] Movant asserts that if the jury had known of the police misconduct, there is a reasonable probability that he would have been acquitted. [*Id.* at 39-40.]

Movant's argument that counsel performed deficiently by failing to seek exclusion of the evidence from the search of his residence fails because counsel *did* seek to exclude that evidence. [*See* Docs. 13, 15,17, 37, 39, 40, 43, 50.] Movant's argument that counsel performed deficiently by failing to attack Gilmore's credibility fails because counsel *did* seek to impeach Gilmore's credibility, and Movant comes forward with no potential evidence relevant to Gilmore's credibility that counsel did not attempt to present. The copy of the news report that Movant has provided with his § 2255 motion – which reports generally on misconduct in the Atlanta Police

---

[6]     Movant has again provided a copy of the same news report that he provided before trial – stating that more than two dozen complaints have been filed against Stallings for "alleged maltreatment, unnecessary force and entering a home without a warrant." [Doc. 174, Ex. A.]

AO 72A
(Rev.8/8
2)

Department and reports on complaints against Stallings and alleged (unproven) misconduct by Stallings – was presented to the Court when Movant sought to stay the briefing on the motion to suppress. Moreover, that report does not mention Gilmore. Thus, Movant fails to show any deficiency or prejudice based on counsel's failure to attack adequately Gilmore's credibility. Counsel's failure to attack Stallings's credibility also is non-prejudicial because Stallings did not testify at the suppression hearing, held on February 7 and April 26, 2007, or before the jury. [*See* Docs. 30, 38, 158-60.] Additionally, Movant comes forward with no viable argument that appellate counsel could have presented on appeal in regard to the credibility of Gilmore and Stallings or the denial of the motion to suppress.

Further, Movant provides no competent evidence of police misconduct in his own criminal case that counsel could have presented either at trial or on appeal. Movant presents nothing other than his unsupported assertion that the drugs were planted in his apartment; whereas evidence shows that cocaine in "36-39 small . . . plastic zip-lock bags" was found on Movant's person. *Parks*, 399 Fed. Appx. at 448.

Counsel also reasonably litigated whether the officers had a valid search warrant before they searched Movant's residence. Any failure to argue that the officers did not

19

personally hand the warrant to Movant before the search was not deficient – the Rules of Criminal Procedure require only that the "officer executing the warrant must *give a copy* of the warrant and a receipt for the property taken *to the person* from whom, or from whose premises, the property was taken *or leave a copy* of the warrant and receipt at the place where the officer took the property." Fed. R. Crim. P. 41(f)(1)(C) (emphasis added). Records show that the warrant was left on the bed in the main bedroom. Movant fails to come forward with any viable argument that counsel was deficient for failing to raise – either at the trial level or on appeal – any claim regarding the execution of the warrant.

>    **b.    Counsel's Assistance on the Sufficiency of the Evidence Issue**

On appeal, Movant argued that there was insufficient evidence to support his count five conviction – there was insufficient evidence to establish that he "actually or constructively possessed the firearms or ammunition found in the storage unit." *Parks*, 399 Fed. Appx. at 454. The Eleventh Circuit found as follows.

> Here the trial evidence showed that [Movant] had constructive possession of the firearms and ammunition in the storage unit. [Movant] does not dispute that Gilmore and other law enforcement officers found the firearms and ammunition when they executed a search warrant on Unit # 4905, which [Movant] began renting on August 29, 2002 and which he was still renting at the time of the execution of the search warrant on

20

AO 72A
(Rev.8/8
2)

January 13, 2004. [Movant] and his mother were the only two individuals who had access to the unit under the rental agreement. A rental facility employee testified that only [Movant] and his mother could have gained access to the unit, even if someone else had made a rental payment on [Movant's] behalf or walked in with his identification. In order to access the storage unit, someone would need both (1) U-Haul's key to unlock the U-Haul lock, which could be obtained by presenting identification at the U-Haul counter, and (2) the key to unlock the renter's lock on the unit. Thus, [Movant] had dominion and control over the storage unit.

Given this evidence of [Movant's] dominion and control, [Movant] argues instead that . . . it is possible someone, presumably his mother, put firearms and ammunition in the storage unit without his knowledge . . . , and thus he should not be held liable for possessing them. We disagree. . . . [T]he fact that [Movant's] mother had access to the unit does not preclude a jury from finding that Parks had constructive possession of the firearms and ammunition found in the unit. "Constructive possession need not be exclusive. . . ." *United States v. Poole*, 878 F.2d 1389, 1392 (11th Cir. 1989) (although defendant did not have exclusive control over her house, several other individuals lived there, and defendant had returned from a trip only minutes before the execution of the search warrant, the facts were sufficient for a jury to find that she constructively possessed cocaine found in the house because she owned and exercised dominion and control over the house); *United States v. Montes-Cardenas*, 746 F.2d 771, 778 (11th Cir. 1984) ("Constructive possession may be shared with others, and can be established by circumstantial or direct evidence."); *accord United States v. Marx*, 635 F.2d 436, 440 (5th Cir. 1981); *see United States v. Faust*, 456 F.3d 1342, 1346 (11th Cir. 2006) (holding evidence was sufficient to show defendant had constructive possession of cocaine in apartment even though his wife also lived there and was the sole signatory on the renewal lease).

*Parks*, 399 Fed. Appx. at 454-55.

21

In his § 2255 motion, Movant argues that counsel failed "to show or prove that the government never presented any evidence that [he] actually or constructively possessed the firearms found inside the storage unit." [Doc. 174, Mem. at 54.] Movant asserts that the rental agreement authorizing he and his mother to possess the storage unit, without more – such as fingerprint evidence or testimony that he, at some point, had actually possessed the guns or ammunition in the storage unit – is insufficient to show his possession of the guns within the unit when "his mother could have taken someone to the unit who left items of contraband there without the benefit of her knowledge." [*Id.* at 42.]

The Eleventh Circuit Court of Appeals has already considered whether there was sufficient evidence to show Movant's possession of the items within the storage shed and has already considered the argument (which Movant now repeats) that others might have gained access to shed. Movant shows nothing significant that counsel should have raised at trial or on appeal but did not, and Movant's attempt to re-litigate the matter by asserting ineffective assistance of counsel fails. *See Gilbert*, 640 F.3d at 1331 ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." (quoting *Nyhuis*, 211 F.3d at 1343) (internal quotation marks omitted)).

AO 72A
(Rev.8/8
2)

### c.     Counsel's Assistance on Speedy Trial Issues

On January 16, 2004, a Magistrate's complaint was filed against Movant and a federal detainer was placed on Movant.  [Doc. 1, Doc. 83, Ex. 2.]  On February 14, 2006, the initial indictment was filed.  [Doc. 2.]  On April 17, 2006, Movant appeared before the Court and pleaded not guilty.  [Doc. 11.]  First and second superseding indictments were filed, to which Movant pleaded not guilty in February and April 2008, respectively.  [Docs. 54, 65, 77, 81.]  On April 17, 2008, Movant filed a motion to dismiss the indictment, asserting, among other things, that his constitutional speedy trial rights had been violated by unjustified post-accusation delay between the January 16, 2004 filing of the criminal complaint and the February 14, 2006 filing of the first indictment twenty-five months later.  [Doc. 83 at 3, 5.]  The undersigned (1) found that Movant had shown a presumptively prejudicial delay but that the reason for the delay, Movant's untimely assertion of his right, and the lack of prejudice to Movant weighed against Movant, and (2) recommended denying the motion to dismiss the indictment. [Doc. 90 at 14-15, 27.]  Movant objected, [Doc. 100], and on May 20, 2008, the Court overruled those objections and denied the motion to dismiss, [Doc. 108].  On May 19, 2009, the jury trial began.  [Doc. 138.]

23

Movant argues that counsel was ineffective for failing to prove that the government violated his speedy trial rights under the Constitution and the Speedy Trial Act.[7] [Doc. 174, Mem. at 48-52, 54.] Movant asserts that the speedy trial time began to run on January 16, 2004, when the government issued the charges against him; that his rights were violated by the twenty-five month delay between January 16, 2004 and February 6, 2006, approximately the time that the first indictment was filed; and that the Court should have dismissed the indictment. [*Id*. at 48-51.]

Here, counsel moved that the charges be dismissed based on a violation of Movant's constitutional speedy trial rights, and that motion specifically addressed the delay between January 16, 2004 and February 14, 2006. A review of counsel's motion to dismiss, [Doc. 83], shows that counsel's representation on this issue rose far above the demarcation for deficiency. *See Kormondy v. Sec'y, Fla. Dep't of Corr.*, 688 F.3d 1244, 1274 (11th Cir. 2012) (To show deficient performance, "a petitioner must establish that no competent counsel would have taken the action that his counsel did take." (quoting *Chandler*, 218 F.3d at 1315) (internal quotation marks omitted)).

---

[7]     In light of Movant's *pro se* status, the Court has reviewed Movant's arguments in his Ground Three (pertaining to Movant's speedy trial rights) in connection with his Ground Four claim on counsel's assistance on his speedy trial rights.

24

Movant fails to come forward with any viable argument that counsel was deficient for failing to raise on this issue at the trial level. Movant also fails to present any argument showing that, if appellate counsel had raised the speedy trial argument on appeal, it would have had a reasonable probability of success.

Movant's attempt to show that counsel was deficient for not raising a Speedy-Trial-Act challenge to the twenty-five month pre-indictment delay fails because the record does not show that Movant was in federal custody until after that twenty-five month period passed, [*see* Docs. 1,2; Doc. 90 at 3-4], and "the starting date for purposes of the [Speedy Trial] Act is the date that the defendant is delivered into federal custody," *United States v. Shahryar*, 719 F.2d 1522, 1525 (11th Cir. 1983) (analyzing Speedy Trial Act's time limits between arrest and indictment and between indictment and trial); *see also United States v. Skanes*, 17 F.3d 1352, 1353 n.1 (11th Cir. 1994) (Although "federal arrest warrant was . . . issued and lodged with the state authorities as a detainer[, i]t was not until appellant was taken into federal custody . . . that the time constraints of the Speedy Trial Act were triggered."). Counsel does not perform deficiently by failing to raise claims that lack merit. *Owen v. Sec'y for Dep't of Corr.*, 568 F.3d 894, 915 (11th Cir. 2009), *cert. denied*, _ U.S. _, 130 S. Ct. 1141 (2010).

AO 72A
(Rev.8/8
2)

### d. Counsel's Failure to Prove Movant's Innocence or Provide a Constitutional Strategy, and Cumulative Prejudice

Movant claims that counsel failed to present evidence that he was innocent, attack the government's insufficient evidence, or provide a constitutional strategy to test the government's evidence and that, cumulatively, counsel's errors prejudiced him. [Doc. 174, Mem. at 54, 57, 60.]

Movant fails to show prejudice based on counsel's failure to present evidence of innocence – Movant has not come forward with any competent evidence showing his innocence that counsel could or should have presented at trial or on appeal. Movant's general assertions that counsel was deficient for failing to attack the government's insufficient evidence or provide a constitutional strategy to test the government's evidence are inadequate to state a claim of ineffective assistance of counsel. *See Oliver*, 795 F.2d at 1531. Further, Movant fails to show ineffective assistance based on cumulative error. Movant has not demonstrated, for the individual claims, that counsel's performance was professionally unreasonable or that, together, those errors prejudiced him.

AO 72A
(Rev.8/8
2)

### e.    Violation of the Adversarial Process

Movant's contention that counsel's failure to present him with an effective means of challenging the charges against him violated the adversarial process such that prejudice should be presumed fails.  [*See* Doc. 174, Mem. at 59.]

> In *United States v. Cronic*, 466 U.S. 648 . . . (1984) the Supreme Court created an exception to the *Strickland* standard for ineffective assistance of counsel and acknowledged that certain circumstances are so egregiously prejudicial that ineffective assistance of counsel will be presumed.  This companion case to *Strickland* explains its applicability by the examples of complete denial of counsel, absence of counsel at a critical stage, and defense counsel's total failure to test significantly the prosecution's case.

*Stano v. Dugger*, 921 F.2d 1125, 1152 (11th Cir. 1991) (citation omitted).  None of Movant's claims of ineffective assistance, discussed above, show that counsel's representation was so lacking that the prosecution's case escaped a meaningful testing. The case against Movant received a meaningful testing, as shown by the record and the above review of counsel's representation.

### D.    Amended Grounds

Movant has claimed that the Court lacked jurisdiction over his criminal action under 18 U.S.C. § 3231, which was never properly enacted; that Congress was without constitutional authority to grant the Court judicial power over criminal cases; that the

AO 72A
(Rev.8/8
2)

government lacked authority to prosecute Plaintiff in a federal court without jurisdiction over criminal cases; and that counsel was ineffective for failing to raise these issues on direct appeal. [Doc. 181, Amendment at 2, 11, 15, 20-23.]

The Constitution allows Congress to establish inferior Courts and to make all laws "necessary and proper for carrying into Execution" the enumerated powers of Congress. U.S. Const., art. I, § 8(18) and art. III, § 1; *see also United States v. Comstock*, _ U.S. _, _, 130 S. Ct. 1949, 1957 (2010) ("Congress routinely exercises its authority to enact criminal laws in furtherance of, for example, its enumerated powers to regulate interstate and foreign commerce, to enforce civil rights, to spend funds for the general welfare, to establish federal courts, to establish post offices, to regulate bankruptcy, to regulate naturalization, and so forth.") Thus, "the Constitution empowers Congress to vest criminal jurisdiction by statute" in the inferior courts that it establishes. *United States v. Gonzalez-Arenas*, No. 11-1322, 2012 WL 4076143, at *2 (10th Cir. Sept. 18, 2012). Under section 3231 of Title 18, Congress has given the United States district courts "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

As the law cited above makes clear, Movant incorrectly states that the Constitution does not allow Congress to grant the Court power over criminal cases. *See*

28

AO 72A
(Rev.8/8
2)

U.S. Const., art. I, § 8(18) and art. III, § 1; *Comstock*, 130 S. Ct. at 1957;

*Gonzalez-Arenas*, 2012 WL 4076143, at *2 (rejecting as frivolous argument that the

Constitution does not allow "Congress to vest criminal subject matter jurisdiction in the

federal courts"). Movant's argument that § 3231 was improperly enacted is

> part of a new [– new at least in 2008 – ] rash of frivolous claims raised by
> prisoners across the country, many of whom have copied the arguments
> directly from Internet Websites which propound the argument and
> developed by a Texas firm, International Legal Services. All of these
> allegations . . . have been firmly denied by every court to address them.

*Cardenas-Celestino v. United States*, 552 F. Supp. 2d 962, 966-67 (W.D. Mo. 2008)

(listing cases); *see also United States v. Schumaker,* No. 11-13616, 2012 WL 1886481

at *2 (11th Cir. May 24, 2012) (rejecting argument that § 3231 was not properly enacted

as "unbelievably frivolous" (citation and internal quotation marks omitted)), *petition*

*for cert. filed* (Aug. 18, 2012) (No. 12-5892). Movant's amended grounds fail.

## V.    Certificate of Appealability (COA)

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court

must issue or deny a certificate of appealability when it enters a final order adverse to

the applicant. . . . If the court issues a certificate, the court must state the specific issue

or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

Section 2253(c)(2) states that a certificate of appealability may issue "only if the

29

applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Lott v. Attorney Gen.*, 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

It is recommended that a COA is unwarranted in light of the above discussion, which shows that Movant has not made a substantial showing of the denial of a constitutional right. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from

30

AO 72A
(Rev.8/8
2)

the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## VI.    Conclusion

For the reasons stated above,

**IT IS ORDERED** that Movant's motion to amend, [Doc. 181], is **GRANTED**.

**IT IS RECOMMENDED** that Movant's § 2255 motion to vacate, set aside, or correct his federal sentence, [Doc. 174], be **DENIED** and that Movant's motion for summary judgment, [Doc. 186], be **DENIED** as moot.

**IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO ORDERED, RECOMMENDED and DIRECTED**, this 1st day of October, 2012.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/8
2)