# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **WILLIE JEROME PARKS,** | : | **MOTION TO VACATE** |
| Movant, | : | **28 U.S.C. § 2255** |
| | : | |
| v. | : | **CRIMINAL INDICTMENT NO.** |
| | : | **1:06-CR-0076-RWS-AJB** |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent. | : | **CIVIL FILE NO.** |
| | : | **1:18-CV-3064-RWS-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S ORDER
## AND FINAL REPORT AND RECOMMENDATION

The matter is before the Court on Movant's post-judgment motion for relief under Fed. R. Civ. P. 60(b)(6), in which he attacks his August 4, 2009 federal conviction under the above criminal docket number. (Mot. for Post-Conviction Relief, ECF No. 223.) The Court construed Movant's filing as a Rule 60(b) motion and a "habeas petition," (Order of June 25, 2018, ECF No. 226), and the action has been docketed as a federal habeas corpus petition under 28 U.S.C. § 2254. The Clerk of Court is **DIRECTED** to adjust the Court's docket in civil action 1:18-CV-3064 and docket entry 223 in criminal action 1:06-CR-0076 to show that Movant seeks relief under 28 U.S.C. § 2255.[1]

---

[1] Movant attacks his 2009 federal conviction in this Court, and it is apparent that, in using the term "habeas petition" in its June 25, 2018 order, the Court

In his current pleadings, properly construed as a collateral challenge under § 2255, Movant asserts innocence and ineffective assistance of counsel in an attempt to challenge his 2009 federal conviction. (Mot. for Post-Conviction Relief at 2-4). Movant's construed § 2255 motion must be dismissed. On October 26, 2012, the Court denied Movant's original § 2255 motion, civil action number 1:11-cv-3841, in which he challenged his 2009 criminal conviction in this Court. (Order of Oct. 26, 2012, ECF No. 191.) Movant's construed § 2255 motion is successive and must be dismissed because the Court has no authority to consider it. Movant first must get permission from the Eleventh Circuit Court of Appeals before a successive § 2255 motion can be filed in the district court. *See* 28 U.S.C. § 2255(h); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("[T]o file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals

---

construed this action as requesting habeas relief under § 2255. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) (stating that as a general rule § 2255 provides the exclusive means for a federal prisoner to collaterally attack a federal conviction and sentence); *see also Castro v. United States*, 540 U.S. 375, 377 (2003) (referring to § 2255 motion as "a request for habeas relief"). The Court observes that, although "habeas petition" generally refers to a § 2254 petition and the "motion to vacate" generally refers to a § 2255 motion, courts sometimes refer to a motion to vacate as a habeas petition. *See Isaacs v. Head*, 300 F.3d 1232, 1240 (11th Cir. 2002) ("The terms 'post conviction' and 'habeas corpus' . . . are used interchangeably in legal parlance to refer to proceedings under §§ 2254 and 2255.").

for an order authorizing the district court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A). Without authorization, the district court lacks jurisdiction to consider a second or successive petition."). A certificate of appealability is not warranted because it is not debatable that Movant must obtain permission from the Eleventh Circuit Court of Appeals before filing another § 2255 motion in this Court. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 11.

To the extent that Movant seeks relief under Rule 60(b), his motion fails. Although Rule 60(b) may be used in limited circumstances to challenge a final decision on a § 2255 motion (civil in nature), Movant's Rule 60(b) motion does not challenge the Court's decision on his initial § 2255 motion. Movant directly challenges his criminal conviction, which he may not do under Rule 60(b). *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case." (quoting *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998)) (internal quotation marks omitted)).

3

AO 72A
(Rev.8/82)

Accordingly,

**IT IS RECOMMENDED** that Movant's construed § 2255 motion, [Doc. 223], be **DISMISSED** for lack of jurisdiction and that a certificate of appealability be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Movant's Rule 60(b) motion, [Doc. 223], be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of the construed § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 3d day of July, 2018.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)